UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ZACHARIAH ADAM JINDRA,<br><br>      Petitioner,<br><br>vs.<br><br>FPC YANKTON, WARDEN,<br><br>      Respondent. | 4:21-CV-04113-RAL<br><br>ORDER DENYING PETITIONER'S MOTION REQUESTING ASSIGNMENT OF NEW DISTRICT JUDGE |

Petitioner, Zachariah Adam Jindra, filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. This Court dismissed Jindra's petition on July 12, 2021. Doc. 5. Pending before this Court is Jindra's motion requesting assignment of a new district judge. Doc. 9.

Jindra requests "a new Judge in this district who . . . will give the proper time to review the case and law[.]" Id. at 2. As Jindra is requesting both a new judge and a reconsideration of this Court's dismissal of Jindra's petition, this Court construes his motion as both a motion for recusal and a motion for reconsideration.

I. **Motion for Recusal**

Jindra moves for the recusal of the undersigned judge. Id. He claims that this judge is mishandling this case and other similar cases by failing to ask the government to respond, failing to request a magistrate judge's report and recommendation, failing to provide court appointed attorneys for the petitioners, and failing to grant an evidentiary hearing. Id. at 1. "A judge must recuse from 'any proceeding in which [the judge's] impartiality might reasonably be questioned.'" United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 455(a)). This standard is objective and questions "whether the judge's

impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." Id. (quoting Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002) (en banc)). The party that files the motion for recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (internal quotation omitted).

The party must show "that the judge had a disposition so extreme as to display clear inability to render fair judgment." Melton, 738 F.3d at 905 (internal quotation omitted). Jindra bases his motion on allegations of ignorance of the law. See Doc. 9. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). A judicial ruling "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." Id. Here, Jindra's disagreement with prior rulings may be grounds for an appeal, but he has not shown that the undersigned judge is unable to be impartial or to render a fair judgment. Jindra has not met his burden. Thus, his motion for recusal is denied.

## II.      Motion for Reconsideration

Jindra moves for reconsideration of this Court's dismissal of his petition. See Doc. 9. He argues that this Court was mistaken in finding that the Bureau of Prisons (BOP) has until January 15, 2022, to implement the First Step Act (FSA). Id. at 1. This Court previously addressed this issue in Holt v. Warden, 2021 WL 1925503 (D.S.D. May 13, 2021). Under 18 U.S.C. § 3621(h)(4), the BOP "*may offer* to prisoners who successfully participate in such programs and

2

activities [FSA time credits.]" § 3621(h)(4). Thus, because "'may' is permissive," this Court cannot compel the BOP to offer FSA time credits. Holt, 2021 WL 1925503, at *5-6.

Jindra argues that other decisions, such as Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), and the decisions of "many other Judges in other District Courts" have ruled in favor of petitioners on this issue. Doc. 9 at 1. Although Jindra claims that many other cases support his reading of the statute, the vast majority of district courts have disagreed with his position and that of Goodman. See Holt, 2021 WL 1925503, at *5 (collecting cases). To the extent that this Court construes Jindra's motion as a motion for reconsideration, it is denied.

Therefore, it is hereby

ORDERED that Petitioner's motion requesting assignment of a new district judge, Doc. 9, is denied.

DATED September 22nd, 2021

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE